|  |  |
|---|---|
| 1 | **UNITED STATES DISTRICT COURT** |
| 2 | **DISTRICT OF NEVADA** |

| | |
|---|---|
| Dianne Bilderback, | 2:16-cv-01954-JAD-VCF |
|     Plaintiff | **Order Granting Dismissal and Denying Motion for Leave to File Supplement** |
| v. | [ECF Nos. 24, 30] |
| Ocwen Loan Servicing, LLC, | |
|     Defendant | |

Plaintiff Dianne Bilderback sues Ocwen Loan Servicing, LLC for inaccurately reporting to credit-reporting agencies a mortgage account that Bilderback had allegedly settled. Bilderback claims that Ocwen's report has two inaccuracies that violate the Fair Credit Reporting Act (FCRA): (1) the account is reported as charged off with a remaining balance due even though she settled the account; and (2) Ocwen does not report that Bilderback disputed the account's status as a charge-off rather than paid-in-full. Ocwen moves to dismiss, arguing that: (1) the attempted accord and satisfaction was ineffective, so the account was not settled and was indeed charged off; and (2) any disputes regarding Ocwen's characterization of the account are meritless, so they don't need to be reported.[1] Because the attempted settlement of Bilderback's mortgage is an ineffective accord and satisfaction under Nevada common law, Ocwen's reporting is accurate and Bilderback fails to state a claim upon which relief can be granted. I therefore grant the motion and dismiss Bilderback's claims with prejudice.

**Background**

Like many Nevadans, Bilderback found herself "underwater" after the real-estate bubble burst.[2] She sent a check to Ocwen for 10% of the principal balance on a mortgage account as an

---

[1] ECF No. 24. I find these matters suitable for disposition without oral argument. LR 78-1.

[2] ECF No. 27 at 11.

offer to settle it.³ The check was accompanied by a letter explicitly stating that Ocwen was "authorized to deposit the check, provided that [Ocwen] do so with the understanding that it constitutes payment in full. Your negotiation and depositing of the check, even if 'under protest,' would constitute your acceptance of our offer."⁴

Ocwen deposited the check, subtracted its amount from the balance, reported that the account had been charged off, and continued to report that the remaining balance was due and owing on the account.⁵ Bilderback disputed Ocwen's reporting with the credit-reporting agencies (TransUnion, Equifax, and Experian) because Ocwen was not reporting that the account was paid in full as conditioned by the letter.⁶ Eventually, after Ocwen investigated the disputes, it deleted the account from its report to TransUnion but continued to report the account—without any mention of a settlement or subsequent disputes—to the other reporting agencies.⁷

## Discussion

### A. Motion-to-dismiss standard

Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."⁸ While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."⁹ This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the

---

³ *Id.*

⁴ ECF No. 23 at 9.

⁵ ECF No. 23 at 12.

⁶ ECF No. 23 at 3, ¶ 22.

⁷ ECF No. 23 at 3, ¶ 24.

⁸ Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

⁹ *Twombly*, 550 U.S. at 570.

speculative level."[10] In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[11]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are "not entitled to the assumption of truth."[12] Mere recitals of a claim's elements, supported only by conclusory statements, are insufficient.[13] Second, the court must consider whether the well-pled factual allegations state a plausible claim for relief.[14] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[15] A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[16]

**B.     Ocwen's report is not inaccurate under the FCRA.**

To state a claim under the FCRA, Bilderback must show that: "(1) [s]he found an inaccuracy in [her] credit report; (2) [s]he notified a credit reporting agency; (3) the credit reporting agency notified the furnisher of the information about the dispute; and (4) the furnisher failed to investigate the inaccuracies or otherwise failed to comply with the requirements of 15

---

[10] *Iqbal*, 556 U.S. at 678.

[11] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in original).

[12] *Iqbal*, 556 U.S. at 678–79.

[13] *Id.*

[14] *Id.* at 679.

[15] *Id.*

[16] *Twombly*, 550 U.S. at 570.

U.S.C. § 1681s-2(b)(1)(A)-(E)."[17] The parties primarily disagree on whether the first and fourth elements are satisfied, but because the fourth element is dependent on the first, I only thoroughly discuss the first.

Bilderback claims that the credit report is inaccurate because she settled the account with a valid accord and satisfaction. Ocwen disagrees and argues that the report is accurate because the accord and satisfaction was ineffective, and the account truly was charged off as a loss. Bilderback responds that Ocwen needs to report that she is disputing the charge-off label (because, to her, it should say "paid in full for less than the full balance"); Ocwen counters that the charge-off label is accurate, Bilderback's dispute is therefore without merit, and the law does not require it to report a meritless dispute.

Deciding this motion and the viability of Bilderback's claims depends on the legal significance of the check and accompanying letter. If Bilderback plausibly alleges that it constituted an accord and satisfaction under Nevada contract law, then she also plausibly alleges the "inaccuracy" element of her FRCA claim; otherwise her claim fails and must be dismissed.[18]

### 1. *Bilderback has not pled a plausible accord and satisfaction.*

In Nevada, an accord is "an agreement whereby one of the parties undertakes to give or perform, and the others to accept, in satisfaction of a claim, liquidated or in dispute, and arising either from contract or from tort, something other than or different from what he is, or considers himself, entitled to."[19] The party claiming that an accord and satisfaction was reached "must bear the burden of proof and must establish *clearly* that there was a meeting of the minds of the parties, accompanied by a sufficient consideration."[20]

---

[17] *Klaizner v. Countrywide*, 2015 WL 627927, at *5 (D. Nev. 2015) (unpublished); *see also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009).

[18] *See, e.g.*, *Schilling v. JPMorgan Chase & Co.*, 2017 WL 1479369, at *3 (W.D. Wash. 2017) (slip copy).

[19] *Walden v. Backus*, 408 P.2d 712, 713 (Nev. 1965) (internal quotations omitted).

[20] *Id.* at 713–14 (emphasis in original).

a. *Insufficient consideration*

Ocwen argues that the check was insufficient consideration to support a valid accord and satisfaction, and I agree. "Consideration is not adequate when it is a mere promise to perform that which the promissor is already legally bound to do."[21] It is undisputed that Bilderback legally owed the balance on the mortgage; the check and accompanying letter were an offer to satisfy 10% of her legal obligation as if it were 100%. Ocwen received nothing out of the "deal" that it was not already entitled to, so the accord and satisfaction fails for insufficient consideration.

b. *No meeting of the minds*

The accord and satisfaction also fails for the additional reason that Bilderback has not pled a meeting of the minds between Ocwen and herself. Even at this motion-to-dismiss stage—where I accept all of the non-moving party's allegations as true—it is clear that Ocwen did not accept the accord and satisfaction despite the language in the letter.

The Nevada Supreme Court's decision in *Pierce Lathing Co. v. ISEC, Inc.* illustrates the point.[22] Pierce was hired to paint and install moldings at Caesar's Palace.[23] Because of unforseen circumstances, Pierce had to perform additional work that was not initially contemplated by the parties.[24] Pierce submitted invoices for the extra work, and ISEC declined to pay.[25] A couple weeks later, ISEC sent Pierce two checks totaling $12,028.70 along with a letter that stated, in relevant part: "Execution of this check will constitute full satisfaction of all obligations owed by ISEC, Incorporated to Pierce Enterprises."[26] Pierce deposited the checks

---

[21] *Id.* at 714.

[22] *Pierce Lathing Co. v. ISEC, Inc.*, 956 P.2d 93 (Nev. 1998) (per curiam).

[23] *Id.* at 94.

[24] *Id.*

[25] *Id.*

[26] *Id.*

5

along with a disclaimer that said: "The above terms are not accepted by payee, payee claims extra work in the amount of $71,031.00."[27] Pierce eventually filed suit against ISEC for the remainder and raised essentially the same argument that Ocwen raises here: the accord and satisfaction was ineffective—despite the language in ISEC's letter—so ISEC was still liable.

The *Pierce* court then considered whether there was a meeting of the minds to support an accord and satisfaction and analyzed two approaches. "In some jurisdictions, conduct revealing a subjective intent not to accept the lower payment as full discharge of their claims is deemed immaterial. The common law in these jurisdictions is that negotiation 'under protest' of a conditionally tendered check constitutes an accord and satisfaction as a matter of law."[28] Under this approach, the creditor "can either accept the check on the debtor's terms, or refrain from negotiating the check and seek the entire disputed amount through the judicial process."[29] The *Pierce* court declined to follow this approach because it "would often result in unnecessary punishment [to] the creditor. Specifically, it would disallow any creditor access to funds which the debtor already concedes is owed because . . . even a disclaimer would not assist in preserving the creditor's right to litigate."[30]

The facts in this case, as alleged by Bilderback, clearly indicate that there was no meeting of the minds between her and Ocwen. Although Ocwen did not include a disclaimer like Pierce did when it deposited the check, Ocwen continued to report the account as charged off with a balance still due and owing. Then, when Bilderback disputed the report, Ocwen verified that the report was accurate. Based on these allegations, and applying Nevada's subjective-intent approach, I find that Bilderback has pled herself out of any inference that Ocwen agreed to an accord and satisfaction.

---

[27] *Id.* at 95.

[28] *Id.* at 97 (internal citations omitted).

[29] *Id.*

[30] *Id.*

                    *c.*      *The other mortgage settlement and TransUnion report*

Bilderback alleges two facts to show that Ocwen's report is inaccurate: (1) she settled an account with a separate lender for 10% of the outstanding balance, and that lender reported the account as "paid in full";[31] and (2) the account was deleted from her TransUnion credit report after she demanded a reinvestigation following the results of her first dispute. Neither of these facts show that Bilderback and Ocwen reached an accord and satisfaction—which would render her credit report inaccurate—because neither fact shows that Ocwen received something that it wasn't already entitled to.

### 2. *The dispute was meritless and did not need to be reported.*

Next, Bilderback claims that Ocwen violated § 1681s-2(b) because it did not report that she disputed the charge-off label on the mortgage, which made her report inaccurate or at least incomplete to the point that it is misleading. But "a furnisher does not report 'incomplete or inaccurate' information within the meaning of § 1681s-2(b) simply by failing to report a meritless dispute, because reporting an actual debt without noting that it is disputed is unlikely to be materially misleading."[32] "It is the failure to report a bona fide dispute, a dispute that could materially alter how the reported debt is understood, that gives rise to a furnisher's liability under § 1681s-2(b)."[33] After receiving the notice of dispute from the credit-reporting agencies, Ocwen verified that its reporting was accurate, so it did not report that Bilderback disputed some of the information. As I discussed in section B(1), the parties did not reach an accord and satisfaction under Nevada law, so Ocwen accurately continued to report the account as charged off with a balance remaining. Any challenge to the charge-off label is, therefore, without merit. And because meritless disputes do not need to be reported, Ocwen did not violate the FCRA by failing to report Bilderback's dispute. So I grant Ocwen's motion to dismiss.

---

[31] ECF No. 23 at 3, ¶¶ 16–20. *See also id.* at 17–20.

[32] *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

[33] *Id.*

1  **C.     Leave to amend would be futile.**

Rule 15(a)(2) of the Federal Rules of Civil Procedure directs that "[t]he court should freely give leave [to amend a complaint] when justice so requires."[34] The Ninth Circuit's amendment policy is generous; it requires a district court to grant leave to amend "even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."[35]

It would be futile for me to grant Bilderback leave to amend her complaint. Bilderback's credit report would only be inaccurate under the FCRA if she and Ocwen entered into a valid accord and satisfaction under Nevada law. The letter to Ocwen[36] tells me everything I need to know: Bilderback offered to give Ocwen only a portion of what it was already entitled to. Without completely changing the story, she cannot plead new facts that would allow me to infer that the accord and satisfaction was supported by sufficient consideration. So my dismissal is without leave to amend.

**D.     Motion for leave to file supplemental authority**

Bilderback also moves for leave to file supplemental authority to support its argument that Ocwen's reporting is inaccurate because it fails to follow the industry standards outlined in the Metro 2 guidelines—a standardized reporting format published by the Consumer Data Industry Association. I need not address whether Ocwen must follow the Metro 2 guidelines because I decide this case entirely on the basis that the parties did not come to an accord and satisfaction. Because I decide the motion to dismiss on different grounds, I do not need supplemental authority on the Metro 2 guidelines. Accordingly, I deny the motion because considering the supplemental information would not affect this outcome.

---

[34] Fed. R. Civ. P. 15(a).

[35] *Lacey v. Maricopa Cty.*, 693 F.3d 896, 926 (9th Cir. 2012) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

[36] I can consider the letter without converting this motion into a motion for summary judgment because it was included as an exhibit with the complaint, and it was referred to throughout the complaint.

## Conclusion

Accordingly, with good cause appearing and no just reason to delay, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Ocwen's motion to dismiss **[ECF No. 24] is GRANTED.**

IT IS FURTHER ORDERED that Bilderback's motion for leave to file supplemental authority **[ECF No. 30] is DENIED**. This action is **DISMISSED with prejudice and without leave to amend**.

The **Clerk of Court is directed to enter judgment in Ocwen's favor** and **CLOSE THIS CASE**.

DATED: September 14, 2017.

_____
Jennifer A. Dorsey
United States District Judge